By the Court.
 

 The case presents the question.of the status of the plaintiff in error with reference to the criminal proceeding instituted against him in the municipal court. The offense with which the plaintiff in error was charged is a felony. The jurisdiction of the municipal court with reference to such offenses is the jurisdiction conferred by statute upon justices of the peace. It is limited to an inquiry whether an offense has been committed and whether
 
 *518
 
 there is probable cause to believe the accused guilty. The duty and power of the examining magistrate upon such inquiry is to do one of two things, either to require the accused to enter into a recognizance, with sufficient surety, to appear at the proper time before the proper court, and in lieu of such bond to commit him to the custody of the sheriff, or to discharge him from custody.
 

 The statute applicable, then in force, Section 13511, General Code, reads: “When the accused is brought before the magistrate and there is no plea of guilty, he shall inquire into the complaint in the presence of such accused. If it appear that an offense has been committed and that there is probable cause to believe the accused guilty, he shall order him to enter into a recognizance, with good and sufficient surety, in such amount as he deems reasonable, for his appearance at the proper time and before the proper court; otherwise he shall discharge him from custody * *
 

 In felony cases the magistrate has no jurisdiction or power to determine the guilt or innocence of the accused. The sole purpose and effect of his inquiry is to determine whether the accused shall be retained in custody or under bond, or whether he shall be released from custody or bond. By such hearing the accused is not placed in jeopardy. When, therefore, the magistrate was unable, upon the evidence adduced, to find that an offense had been committed and the accused was probably guilty, and no adjournment had been asked for, he had no other option than to discharge him; and while he might, under proper circumstances, have adjourned the
 
 *519
 
 hearing to a definite reasonable day for further bearing, be could not entirely escape tbe performance of bis duty by continuing tbe case indefinitely and at tbe same time allowing tbe accused to go free. By such act be in fact discharged tbe accused from cus - tody and exhausted bis jurisdiction and rendered both the affidavit and tbe warrant
 
 functus oficio.
 

 Judgment reversed.
 

 Marshall, C. J., Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.
 

 Jones, J., not participating.