THE STATE OF OHIO, APPELLANT, *v.* NELSON ET AL., APPELLEES.

[Cite as State v. Nelson (1977) 51 Ohio App. 2d 31.]

(No. 35250—Decided February 24, 1977.)

*Mr. John T. Corrigan,* for appellant.

*Messrs. Kocian, Peterson, Berk & Goldstein,* for appellees.

CORRIGAN, J. This is an appeal by the state from the granting of a motion to dismiss an indictment for robbery filed against the appellees, Thelma Nelson and Michael Wilson.

In dismissing the indictment, the court made no findings of fact and did not state its reasons for granting the dismissal. The appellant's first assignment of error is that the Court of Common Pleas erred in dismissing the indictment without stating on the record the court's findings of fact and reasons for the dismissal.

Criminal Rule 48(B) provides that if a court dismisses an indictment over objection of the state the court "shall state on the record its findings of fact and reasons for the dismissal." Criminal Rule 48(B) is mandatory and should be followed by the trial court when dismissing an indictment over the state's objection.

In *State* v. *Bound* (1975), 43 Ohio App. 2d 44, we held:

"The failure of the trial court to comply with Criminal Rule 48(B) when dismissing an indictment for lack of a speedy trial requires a remand to the trial court, on appeal by the state, for such findings of fact and reasons for the dismissal that will enable the reviewing court to pass upon the assignments of error."

*Bound,* however, does not require a remand in all cases. In *Bound,* the defendant claimed that his constitutional right to a speedy trial had been violated. Without findings of fact as to the reasons for the delay in bringing the accused to trial, we could not determine if the trial court acted correctly when it determined that the accused should be discharged because of a denial of his right to a speedy trial. Also, there was some doubt as to whether the trial court found a denial of a speedy trial based on the defendant's constitutional right or his statutory rights under Ohio law. A statement of the court's reasons for dismissing

the indictment against Bound would have resolved this doubt. In *Bound*, violation of Crim. R. 48(B) required a remand to clarify the record so we could properly pass upon the appellant's assignments of error.

In the case at bar, however, there is no need to clarify the record. The facts are not in dispute and it is clear that the indictment was dismissed on a claim of former jeopardy. Although it was error for the trial court to fail to state its findings of fact and reasons for the dismissal, the error did not prejudice the state's appeal. Accordingly, we find the error to be harmless and overrule appellant's first assignment of error. See Crim. R. 52(A).

Appellant's second and third assignments of error will be treated together because they both involve the same issue. The appellant contends that the court erred in dismissing the indictment on the basis of former jeopardy because the prior convictions of the appellees were obtained without jurisdiction and were void and therefore cannot support a claim of former jeopardy.

The record establishes that Thelma Nelson and Michael Wilson were accused of shoplifting a leisure suit from the May Company. The suit had a retail value of forty-one dollars and ninety-seven cents. Security guards for the May Company observed Michael Wilson place the suit in a shopping bag and begin to leave the store. When the security guard identified himself, Michael Wilson ran. A chase ensued and Michael Wilson was apprehended. As Wilson was being brought back to the store, he struck one of the guards knocking him to the ground. The guard struck his head on the ground and had to receive medical attention.

Both Michael Wilson and Thelma Nelson were charged with robbery, a felony of the second degree. They were brought to Cleveland Municipal Court for a preliminary hearing. The court found that there was no probable cause to believe that a felony had been committed but did find probable cause to believe that the appellees had committed petty theft, a misdemeanor of the first degree. The court, however, never caused a complaint to issue charging the appellees with the crime of petty theft. The

appellees immediately entered pleas of no contest to he petty theft charge. The court found them guilty of petty theft and sentenced them to ten days in the workhouse and to pay a fine of fifty dollars plus costs. The ten days were suspended and the appellees were placed on one-year inactive probation.

Two weeks after the municipal court proceedings, the county grand jury returned indictments against Michael Wilson and Thelma Nelson charging them with robbery in the May Company incident. Both appellees filed motions in Common Pleas Court alleging that they had once been in jeopardy in Municipal Court for the alleged theft from the May Company and that further prosecutions against them for that incident would constitute double jeopardy and violate their rights under Section 10, Article I of the Ohio Constitution and the Fifth Amendment to the United States Constitution. The motions were granted and the appellees were ordered discharged.

It is clear that if the convictions in the Cleveland Municipal Court were proper and for the same offense as charged in the indictments, the double jeopardy clauses of the Ohio and federal constitutions will protect the appellees from further prosecution under the indictments.

The Ohio Supreme Court stated in *State* v. *Best* (1975), 42 Ohio St. 2d 530:

"2. To sustain a plea of former jeopardy it must appear:

"(1) that there was a former prosecution in the same state for the same offense;

"(2) that the same person was in jeopardy on the first prosecution;

"(3) that the parties are identical in the two prosecutions; and

"(4) that the particular offense, on the prosecution of which the jeopardy attached, was such an offense as to constitute a bar."

There is no dispute that the second and third requirements as set forth in *Best* are satisfied in this case. The parties before the Municipal Court and the Court of Common Pleas are identical. The fact that the prior proceed-

ing was in Municipal Court and the present proceeding is in Common Pleas Court will not defeat the identity of the parties. For purposes of double jeopardy, the state is a single sovereign and cannot defeat a defendant's double jeopardy rights by prosecuting first in a municipal court and then in a county court. *Waller* v. *Florida* (1970), 397 U. S. 387, 25 L. Ed. 2d 435; *State* v. *Best, supra.* The fourth requirement is also satisfied. Petty theft is a lesser included offense of robbery. (See our discussion of appellant's fourth assignment of error.) For purposes of double jeopardy an offense and all its lesser incuded offenses are the same offense. *State* v. *Best, supra.*

The crucial issue in determining if the appellees' claim of double jeopardy is well taken is whether or not the proceedings in Municipal Court constituted a former prosecution for the same offense.

In 1907, the United States Supreme Court stated in *Grafton* v. *United States* (1907), 206 U. S. 333, at 345:

"We assume as indisputable on principle and authority that before a person can be said to have been put in jeopardy of life or limb the court in which he was acquitted or convicted must have had jurisdiction to try him for the offense charged."

The same rule was adopted in Ohio. The Ohio Supreme Court said in *State* v. *Rose* (1914), 89 Ohio St. 383, at 386:

"* * * for to be in jeopardy there must not only be a sufficient legal charge but a sufficient jurisdiction to try the charge."

It is clear that an accused can premise a claim of former jeopardy on a prior court proceeding only if that court had jurisdiction to try him for the crime charged. *Grafton* v. *United States, supra*; *Diaz* v. *United States* (1911), 223 U. S. 442; *United States* v. *Sabella* (2nd Cir., 1959), 272 F. 2d 206; *State* v. *Rose, supra; Wilson* v. *Lasure* (1930), 36 Ohio App. 107; *State* v. *McGraw* (1961), 86 Ohio Law Abs. 490; *Solomon* v. *State* (Tenn. Crim. Apps., 1975), 529 S. W. 2d 743; *Commonwealth* v. *Simeone* (Pa. Super. 1972), 294 A. 2d 921.

The Cleveland Municipal Court did not have jurisdic-

tion to try the appellees on the charge of petty theft in the absence of any complaint charging such offense; therefore, their claim of double jeopardy must fall.

When the appellees were brought before the Municipal Court for their preliminary hearing, they were charged with robbery, a felony of the second degree. On a preliminary hearing, a municipal court's jurisdiction is limited to "discharge, recognize, or commit the accused." R. C. 2931.-04, 2931.041, 1901.20. Consistent with this limited jurisdiction Crim. R. 5(B)(4) provides that at the close of the preliminary hearing the municipal court may (1) discharge the accused, (2) bind him over to the Court of Common Pleas, or (3) find that there is probable cause to believe that the defendant has committed a misdemeanor and "retain the case for trial or order the defendant to appear for trial before an appropriate court." When the appellees appeared at the preliminary hearing before the municipal court on the felony charge, the court had no jurisdiction to try and convict them of any crime.

In *Jones* v. *Wells* (1931), 123 Ohio St. 516, the Supreme Court discussed the role of a municipal court in a preliminary hearing:

"* * * The offense with which the plaintiff in error was charged is a felony. The jurisdiction of the municipal court with reference to such offenses is the jurisdiction conferred by statute upon justices of the peace. It is limited to an inquiry whether an offense has been committed and whether there is probable cause to believe the accused guilty. The duty and power of the examining magistrate upon such inquiry is to do one of two things, either to require the accused to enter into a recognizance, with sufficient surety, to appear at the proper time before the proper court, and in lieu of such bond to commit him to the custody of the sheriff, or to discharge him from custody. * * *

"In felony cases the magistrate has no jurisdiction or power to determine the guilt or innocence of the accused. The sole purpose and effect of his inquiry is to determine whether the accused shall be retained in custody or under

bond, or whether he shall be released from custody or bond. By such hearing the accused is not placed in jeopardy * * *."

Since the decision in *Jones*, the power of a municipal court conducting a preliminary hearing has been expanded to allow the court to retain the case for trial if it finds no probable cause to believe that the defendant committed the felony charged but does find probable cause to believe a misdemeanor was committed. Crim. R. 5(B)(4)(b). The municipal court, however, does not have jurisdiction to try the defendant on the misdemeanor charge until it issues a complaint charging the defendant with the misdemeanor. Crim. R. 5(B)(6). When a defendant is brought before a municipal court for a preliminary hearing on a felony charge, the municipal court has no jurisdiction to determine his guilt or innocence but is limited to binding the defendant over to the court of common pleas, ordering the defendant discharged, or finding probable cause to believe the defendant committed a misdemeanor and retaining the case for trial after issuing a complaint charging the defendant with the misdemeanor. Crim. R. 5(B)(4); Crim. R. 5 (B)(6); *John T. Corrigan, Prosecuting Attorney*, v. *Clarence Gaines, Judge* (C. A. Cuyahoga Cty., Oct. 21, 1976), unreported case No. 35393.

The appellees argue that although the municipal court did not have jurisdiction over the felony charge, it did have jurisdiction over the misdemeanor charge of petty theft. A criminal court obtains jurisdiction over the defendant and the case by means of a charging instrument. See *Simpson* v. *Maxwell* (1964), 1 Ohio St. 2d 71; *State, ex rel. Clark*, v. *Allaman* (1950), 87 Ohio App. 101, *aff'd* 154 Ohio St. 296. Criminal Rule 7(A) provides that a misdemeanor may be prosecuted by a complaint in courts inferior to the Court of Common Pleas. There was no complaint or other charging instrument before the municipal court charging the appellees with a misdemeanor; therefore, the court lacked jurisdiction to try them on the misdemeanor charge. The appellees may not rely on the felony charge to confer jurisdiction on the Municipal Court to hear the misdemeanor charge, because a felony charge confers on a Municipal

Court only a limited jurisdiction to conduct a preliminary hearing and does not confer jurisdiction to determine guilt or innocence. If the court wished to try the appellees on the misdemeanor charge, it should have followed the mandate of Crim. R. 5(B)(6) and caused a complaint charging the offense of petty theft to be filed. This action would have given the court jurisdiction to hear the misdemeanor case. Crim. R. 7(A).

When the appellees were brought before the Municipal Court for the preliminary hearing, the court was limited to conducting a preliminary hearing and had no jurisdiction to determine the appellees' guilt or innocence of any crime. In accepting the appellees' plea to the misdemeanor without having before it a complaint charging the appellees with the misdemeanor, the Municipal Court usurped judicial power which it did not possess. Since the Cleveland Municipal Court lacked jurisdiction to try the appellees on the petty theft charge, the proceedings in the Municipal Court were void and are not a bar to the present prosecution under the indictments.

However, it should be remembered that the Double Jeopardy Clause affords a defendant three types of protection:

"It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina* v. *Pearce* (1969), 395 U. S. 711, approved in *United States* v. *Wilson* (1975), 420 U. S. 332.

Fundamental fairness under the circumstances of this case would require that the appellees should be credited with any time served or fine paid as a result of the unauthorized Municipal Court proceedings, in the event they are eventually convicted of the crimes charged in the indictments returned by the grand jury.

Appellant's second and third assignments of error are well taken.

Appellant's fourth assignment of error is that double jeopardy is not applicable because robbery and petty theft are not the same offense.

R. C. 2911.02 defines robbery as:

"No person, in attempting or committing a theft offense as defined in section 2913.01 of the Revised Code, or in fleeing after such attempt or offense, shall use or threaten the immediate use of force against another."

Petty theft is a theft offense as defined by R. C. 2913.01. R. C. 2913.01(K). Under the statutory definitions there is no element of petty theft which is not also an element of robbery. In *State* v. *Best, supra,* the Ohio Supreme Court defined when two statutory provisions constitute the same offense for purposes of double jeopardy.

"The applicable rule under the Fifth Amendment is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. A single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *State* v. *Best, supra.* (Citations omitted.)

Since petty theft does not require proof of any element not required to be proved for a conviction for robbery, petty theft and robbery are the same offense for purposes of double jeopardy. Appellant's fourth assignment of error is overruled.

Based on appellant's second and third assignments of error, the judgment of the Court of Common Pleas is reversed and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

JACKSON, C. J., and DAY, J., concur.