**State v. Powell**
*[Cite as 5 AOA 161]*

Case No. 59041
*Cuyahoga County, (8th)*
*Decided July 26, 1990*

John T. Corrigan, Cuyahoga County Prosecuting Attorney, Robert Christyson, Assistant Prosecuting Attorney, Justice Center, Courts Tower, 1200 Ontario Street, Cleveland, Ohio 44113, for Plaintiff-Appellee.

John W. Shryock, 3951 Erie Street, Suite 102, P. O. Box 192, Willoughby, Ohio 44099, for Defendant-Appellant.

*Per Curiam.*

Owen Powell challenges the denial of his motion to dismiss charges of drug abuse (R.C. 2925.11), drug trafficking (R.C. 2925.03), and possession of criminal tools (R:C. 2923.24). He raises three assignments of error[1] alleging that he was entitled to dismissal of these charges on double jeopardy grounds. Upon consideration of the record, we affirm the judgment of the trial court; a modified, and remand the cause for further proceedings.

On June 20, 1989, Brooklyn Heights police stopped Powell for speeding, searched him and seized a Bic pen, a razor blade, and a plastic bag which allegedly contained drug residue. Police charged Powell with drug abuse, possession of drug instruments and speeding. Powell pled no contest to the speeding and possession of drug instrument charges in Brooklyn Heights Mayor's Court.

At a preliminary hearing on the felony drug abuse charge, the city agreed to drop that charge in exchange for Powell's guilty plea to Brooklyn Heights C.O. 138.03, a misdemeanor drug abuse statute. The Parma Municipal Court accepted Powell's guilty plea and sentenced him. Thereafter, the grand jury indicted Powell, charging him with violations of R.C. 2925.11, R.C. 2925.03, and R.C. 2923.24, all of which allegedly occurred on June 20.

In Powell's first assignment of error he maintains that principles of double jeopardy entitle him to dismissal of the charge of possessing criminal tools.

To determine whether double jeopardy bars a subsequent prosecution, a court must apply the *Blockburger* test. *Grady v. Corbin* (1990), 110 S. Ct. 2,084; *State v. Thomas* (1980), 61 Ohio St. 2d 254.

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires

proof of a fact which the other does not. ***"
*Blockburger v. United States* (1932), 284 U.S. 299, 304.

If this test reveals that the crimes charged have identical elements or that one offense is a greater or lesser included offense of the other, subsequent prosecution is barred. *Grady, supra, Thomas, supra.*

Powell pled guilty to possession of drug instruments, the elements of which are the knowing possession of an instrument whose primary or customary purpose is for the administration of a dangerous drug. See Brooklyn Heights C.O. 138.04. Powell was indicted for possession of a device or instrument with the purpose to use it criminally. See R.C. 2923.24. The indictment charged that Powell criminally possessed a razor blade and a Bic pen on June 20. Applying the *Blockburger* test to these facts, we find that double jeopardy bars prosecution of the criminal tools charge.

The motion hearing transcript reveals that the trial court also concluded that double jeopardy bars prosecution of the criminal tools charge. The court's journal entry, however, did not include its conclusion that jeopardy did not attach to the charges in the indictment "*** except with respect to the possession of criminal tools." (Tr. 17.) Furthermore, the state conceded that double jeopardy bars prosecution on the criminal tools charge. We, therefore, modify the court's judgment to Elect the complete ruling and dismiss the indictment for possession of criminal tools. See App. R. 12(B).

The first assignment of error is well taken.

In the second and third assignments the defendant alleges that the court erred by refusing to dismiss charges of drug abuse and drug trafficking on double jeopardy grounds.

Powell contends that his guilty plea to reduced charges in the Parma Municipal Court placed him in jeopardy for these crimes.

A municipal court has no power to determine the guilt or innocence of an accused felon. *State v. Nelson* (1977), 51 Ohio App. 2d 31. At a preliminary hearing, a municipal court's jurisdiction is limited to discharging the defendant, binding him over to the common pleas court for trial, or finding "*** probable cause to believe the defendant committed a misdemeanor and retaining the case for trial after issuing a complaint charging the defendant with a misdemeanor." *Nelson, supra,* at 37, citing Crim. R. 5(B) (4) and 5(B) (6). See, also, *State v. Miller* (Apr. 13, 1988), Hamilton App. No. C-870027, unreported; *State v. Craig*

(Mar. 12, 1986), Hamilton App. No. C-850444, unreported; *State v. Brumfield* (Dec. 2, 1981), Hamilton App. No. C-810070; *State v. Kenney* (C.P. 1975), 45 Ohio Misc. 33.

The Parma Municipal Court did not issue a complaint charging Powell with the drug abuse misdemeanor; therefore, the court had jurisdiction to try him on the charge. *Nelson, supra.* By accepting a plea to the misdemeanor without a charging complaint the court acted without authority. *Id.* Since the court lacked jurisdiction to try the defendant on the misdemeanor drug charge, its proceedings were void and will not bar the present prosecution. *Id.*

We note that fairness requires that, if Powell is eventually convicted of the crimes charged in the indictments, he should be credited with any time served or fine paid as a result of the Parma municipal Court proceeding. *Id.*

The second and third assignments fail.

Judgment accordingly.

It is ordered that appellee recover of appellant its costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. Case remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

JOHN F. CORRIGAN, P.J., PRYATEL, J., and FORD, J.,

———
[1] See Appendix.

### APPENDIX
The defendant's assignments of error are:

"1. THEE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN OVERRULING DEFENDANT'S MOTION TO DISMISS BASED ON DOUBLE JEOPARDY AS PERTAINING TO THE COMPLAINT CHARGING POSSESSION OF CRIMINAL TOOLS.

"2. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN OVERRULING DEFENDANT'S MOTION TO DISMISS BASED ON DOUBLE JEOPARDY

AS PERTAINING TO THE COMPLAINT
CHARGING DRUG ABUSE.

"3. THE TRIAL COURT ERRED TO THE
PREJUDICE OF THE DEFENDANT IN
OVERRULING DEFENDANT'S MOTION TO
DISMISS: BASED ON DOUBLE JEOPARDY
AS PERTAINING TO THE COMPLAINT
TRAFFICKING IN DRUGS."