OPINION
Defendant, Allen Furlow, appeals from his conviction and sentence for robbery.
On September 25, 2000, Defendant accosted Judith Mountjoy, his former girlfriend, as she was leaving her home and preparing to enter her car. Defendant then physically assaulted Mountjoy and drove off in her vehicle. Mountjoy's vehicle was found later that same day, ten blocks from her home., Defendant was indicted on one count of robbery in violation of R.C. 2911.02(A)(2). Following a jury trial, Defendant was found guilty as charged. The trial court sentenced Defendant to three years imprisonment., Defendant filed a timely notice of appeal. His counsel filed a brief pursuant to Anders v. California (1967),386 U.S. 378, stating that he could find no meritorious issues for appellate review. Counsel identified potential error, however. We notified Defendant-Appellant of his counsel's representations, as Anders requires. Defendant-Appellant has filed a further brief, pro se, assigning two errors for review.
We are required by Anders, supra, to fully examine the record to decide whether this appeal is "wholly frivolous." Id., at p. 744. A case is not wholly frivolous if any of the points of law involved contain error that is arguable on its merits. Id. A finding that any such points of law satisfy that standard requires appointment of counsel to argue them. A contrary finding permits us to allow counsel to withdraw and then dismiss the appeal. Id.
After first stating that no meritorious error could be found, counsel for Defendant-Appellant states:
 "Counsel deems the only possible propositions which could be raised on appeal involve (A) use of the word `deprive' as seen in the Charge; (B) the elements of theft necessary to constitute a crime as seen in the Indictment and the manner in which the Charge was worded; (C) the necessary intent required for the crime of Robbery (knowingly) and Theft (purposeful) as given in the Charge; (D) whether the Charge was a correct statement of Ohio law." Brief, p. 4.
The meaning of this somewhat solipsistic statement is unclear, and it is not made clear by the subsequent recitations in counsel's brief, which are both superficial and rambling. Such "shotgun" efforts in so-called "Anders brief" are becoming more common, unfortunately. They require the court to do the work that counsel should do. More frequently, they result in appointment of new counsel to argue potentially meritorious issues the court finds. The upshot is a process that is more costly and time-consuming. In some instances, justice is unduly delayed. See State v. Waldo (Sept. 21, 2001), Champaign App. No. 99CA24, unreported. Counsel are urged to avoid those results by assigning error that arguably exists, supporting it with references to law and facts determinative of the issues involved.
Counsel's statement, supra, first suggests a defect in the indictment by which Defendant was charged with the offense of Robbery. However, a careful reading of his brief indicates that his actual claim is that, as in the indictment, the court's charge to the jury failed to define the term "theft offense, and was erroneous for that reason. We shall address the claim.
It is error for a trial court not to give a jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the trier of fact. State v. Comen (1990),50 Ohio St.3d 206. Accordingly, the trial court must give a correct jury instruction on the elements of the offense charged and all defenses raised by the evidence. State v. Williford (1990), 49 Ohio St.3d 247., Defendant was found guilty of robbery in violation of R.C. 2911.02(A)(2), which provides:
 No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
* * *
 Inflict, attempt to inflict, or threaten to inflict physical harm on another.
The trial court instructed the jury as follows:
 The Defendant, Allen Furlow, is charged with robbery. Before you can find the Defendant guilty, you must find beyond a reasonable doubt that on or about the 25th day of September, 2000, and in Montgomery County, Ohio, the Defendant, in committing or attempting to commit or in fleeing after committing or attempting to commit the offense of theft inflicted or attempted to inflict or threatened to inflict physical harm on another.
In defining the "theft offense" component of robbery, the trial court instructed the jury as follows:
 Before you can find the Defendant was committing or attempting to commit a theft, you must find beyond a reasonable doubt that the Defendant, with purpose to deprive the owner of property, knowingly obtained or exerted control over that property.
The general instruction on robbery given by the trial court is virtually identical to both the language of the statute defining that offense, R.C. 2911.02(A)(2), as well as the pattern jury instructions recommended in 4 Ohio Jury Instructions Section 511.02. Likewise, the trial court's instructions in this case defining various terms and specific elements of the offense of robbery recite the statutory definitions and closely track Ohio Jury Instructions. One exception we have discovered bears closer examination.
Theft is defined in R.C. 2913.02 as follows:
 (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 (1) Without the consent of the owner or person authorized to give consent;
 (2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;
(3) By deception;
(4) By threat;
(5) By intimidation.
In instructing the jury on the elements of theft, the trial court failed to include in its instruction language defining the five alternative, though not mutually-exclusive, ways in which an accused can obtain or exert control over another's property. To that limited extent, the trial court's instruction on theft was incomplete. Nevertheless, we conclude that any claim that this defect in the court's instructions may have misled the jury or affected the outcome of Defendant's trial is wholly frivolous, given the state of the evidence in this case., Defendant presented no evidence at trial. The only evidence about the events that transpired that led to this robbery charge came from the testimony of the victim, Judith Mountjoy.
Mountjoy testified that prior to breaking up with Defendant in August 2000, she had been Defendant's girlfriend for six or seven years. On the morning of September 25, 2000, Mountjoy left the home of Robert Crawford, 1912 Tennyson Avenue, Dayton, and walked to her car which was parked in the driveway. As Mountjoy unlocked her vehicle, Defendant emerged from some nearby bushes, approached Mountjoy, and began hitting her in the head and face with his fists, saying: "Bitch, I'm going to teach you about leaving me."
During the assault Mountjoy dropped her car keys that she held in her hand. When Robert Crawford heard Mountjoy's screams, he opened the front door to see what was going on, and told Defendant that he was going to call the police. Defendant responded: "Go ahead, call them." Defendant then picked up Mountjoy's car keys and drove away in her vehicle. Mountjoy testified that she did not give Defendant permission to drive away in her car.
Given this unrefuted evidence, the jury could reasonably only conclude that Defendant committed an act of theft by exercising control over Mountjoy's property, her vehicle, without or beyond her consent, express or implied, and that he obtained control through threats and intimidation. The only statutory alternative the facts don't support is "deception." On this record, there is no reasonable possibility that the outcome of this trial could have been affected by the trial court's failure to include in its theft instruction language more specifically defining the alternative circumstances that make exercising control over another's property a theft offense. Had such an instruction been given, the outcome of this trial would have undoubtedly been the same. Given the evidence in this case, any challenge to the completeness of the jury instructions would lack arguable merit and be wholly frivolous. Anders, supra., Defendant's pro se brief presents two assignments of error for our review.
 FIRST ASSIGNMENT OF ERROR DEFENDANT-APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL AT THE TRIAL LEVEL WHERE SUCH COUNSEL FAILED TO MOVE FOR DIRECTED VERDICT OF ACQUITTAL AT THE PRELIMINARY HEARING IN THE DAYTON MUNICIPAL COURT IN VIOLATION OF APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW AND THE DOUBLE JEOPARDY CLAUSE OF THE CONSTITUTION OF OHIO AND THE UNITED STATES.
In State v. Sanders (2002), 94 Ohio St.3d 150, the Ohio Supreme Court observed:
 "Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, sets forth the standard for judging ineffective-assistance claims. `When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 687-688, 104 S.Ct. 2064, 80 L.Ed.2d at 693. Furthermore, `[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'
 Id. at 694, 104 S.Ct. At 2068, 80 L.Ed.2d at 698. See also, State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus.
 Strickland charges us to `[apply] a heavy measure of deference to counsel's judgment,' 466 U.S. at 691, 104 S.Ct. At 2066, 80 L.Ed.2d at 695, and to `indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' Id. at 689, 104 S.Ct. At 2065, 80 L.Ed.2d at 694."
Defendant argues that his trial counsel performed in a constitutionally deficient manner by failing to move for a directed verdict of acquittal at the close of the preliminary hearing that was held in this matter in Dayton Municipal Court. Defendant argues that he was entitled to an acquittal on the robbery charge because the victim's testimony failed to prove that defendant intended to permanently deprive the victim of her property when he drove away in her car. The claim of error is wholly frivolous, for several reasons.
First, the testimony at the preliminary hearing is not a part of the record for purposes of this appeal, per our Decision and Entry filed November 1, 2001. This court cannot consider matters which are outside of the record in deciding an appeal. State v. Ishmail (1978),54 Ohio St.2d 402.
Second, a subsequent indictment by a grand jury renders any defects in the preliminary hearing moot. State v. Washington (1986),30 Ohio App.3d 98. Defendant was indicted subsequent to the preliminary hearing, and he was convicted of charges in the indictment.
Third, in felony cases a municipal court has no authority to determine the guilt or innocence of the accused on the charged felony at the preliminary hearing. State v. Nelson (1977), 51 Ohio App.2d 31; Crim.R. 5(B)(4). The municipal court's charge is to determine whether probable cause of a criminal violation exists. That charge is superseded by indictment in the common pleas court.
Trial counsel did not perform deficiently by failing to move for a directed verdict of acquittal at the close of the preliminary hearing. Defendant's first assignment of error lacks arguable merit, and is therefore wholly frivolous.
 SECOND ASSIGNMENT OF ERROR DEFENDANT-APPELLANT IS CONCURRENTLY BEING DEPRIVED OF HIS FUNDAMENTAL RIGHT TO ASSISTANCE OF COUNSEL AND EFFECTIVE ASSISTANCE OF COUNSEL DURING THIS APPEAL AS OF RIGHT WHERE HIS APPELLATE COUNSEL HAS SUBMITTED AN ANDERS BRIEF AND NO ASSIGNMENT OF ERRORS WITH A MOTION TO WITHDRAW FROM THE CASE IN VIOLATION OF APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL AND SUBSTANTIVE DUE PROCESS OF LAW UNDER THE OHIO AND UNITED STATES CONSTITUTION.
Defendant argues that his appellate counsel has performed in a constitutionally deficient manner by filing an Anders brief and not raising on appeal the ineffective assistance of trial counsel claim discussed in Defendant's first assignment of error., Defendant has not directed our attention to any authority which supports the proposition that the filing of an Anders brief per se constitutes ineffective assistance of counsel. Moreover, having determined in the previous assignment of error that Defendant's trial counsel did not render ineffective assistance, we cannot find that Defendant's appellate counsel performed deficiently by failing to raise that claim on appeal., Defendant's second assignment of error lacks arguable merit, and is therefore wholly frivolous.
In addition to examining the claims raised by appellate counsel and Defendant pro se, we have conducted an independent review of the record of the trial court's proceedings. We see no error having arguable merit.
The judgment of the trial court will be affirmed.
WOLFF, P.J., and YOUNG, J., concur.