THE STATE OF OHIO *v.* KENNEY.
THE STATE OF OHIO *v.* KASKA.
THE STATE OF OHIO *v.* KOTOWSKI.

(Nos. 20743B, 20743A and 21199—Decided
October 23, 1975.)

Court of Common Pleas of Cuyahoga County.

*Mr. John T. Corrigan,* prosecuting attorney, *Mr. Michael S. Nolan* and *Mr. Edward J. Sullivan,* for plaintiff.
*Mr. Thomas M. Shaughnessy, Mr. James F. Shannon, Mr. Ralph A. McAllister* and *Mr. Arthur V. Falk,* for defendants.

McMonagle, J.   Each of these cases involves an interpretation of and the application of Crim. R. 5(B).   This provides as follows:
"(B)  Preliminary hearing in felony cases; procedure.
"(1)  In felony cases a defendant is entitled to a preliminary hearing unless waived in writing.  If the defendant waives preliminary hearing, the judge shall forthwith order the defendant bound over to the court of common pleas.  If the defendant does not waive the preliminary hearing, the judge shall schedule a preliminary hearing within a reasonable time, but in any event no later than five days following arrest or service of summons if the defendant is in custody and no later than fourteen days following arrest or service of summons if he is not in custody.  The preliminary hearing shall not be held, however, if the defendant is indicted * * *.
"(2)  At the preliminary hearing the prosecuting attorney may, but is not required to, state orally the case for the state, and shall then proceed to examine witnesses and introduce exhibits for the state.  The defendant and the judge have full right of cross-examination, and the defendant has the right of inspection of exhibits prior to their

introduction. The hearing shall be conducted under the rules of evidence prevailing in criminal trials generally.

"(3) At the conclusion of the presentation of the state's case, defendant may move for discharge for failure of proof, and may offer evidence on his own behalf * * *.

"(4) Upon conclusion of all the evidence and the statement, if any, of the accused, the court shall do one of the following:

"(a) Find that there is probable cause to believe the crime alleged or another felony has been committed and that the defendant committed it, and bind the defendant over to the court of common pleas of the county or any other county in which venue appears.

"(b) Find that there is probable cause to believe that a misdemeanor was committed and that the defendant committed it, and retain the case for trial or order the defendant to appear for trial before an appropriate court.

"(c) Order the accused discharged.

"(5) Any finding requiring the accused to stand trial on any charge shall be based solely on the presence of substantial credible evidence thereof. No appeal shall lie from such decision nor shall the discharge of defendant be a bar to further prosecution.

"(6) In any case in which the defendant is ordered to appear for trial for any offense other than the one charged the court shall cause a complaint charging such offense to be filed.

"(7) Upon the conclusion of the hearing and finding, the court or the clerk of such court, shall, within seven days, complete all notations of appearance, motions, pleas, and findings on the criminal docket of the court, and shall transmit a transcript of the appearance docket entries, together with a copy of the original complaint and affidavits, if any, filed with the complaint, the journal or docket entry of reason for changes in the charge, if any, together with the order setting recognizance, if any, filed, to the clerk of the court in which defendant is to appear. Such transcript shall contain an itemized account of the costs accrued.

This rule became effective July 1, 1973, having been duly adopted and promulgated pursuant to the provisions

of Section 5(B), Article IV, Ohio Constitution:

"(B) The Supreme Court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. Proposed rules shall be filed by the court, not later than the fifteenth day of January, with the clerk of each house of the general assembly during a regular session thereof, and amendments to any such proposed rules may be so filed not later than the first day of May in that session. Such rules shall take effect on the following first day of July, unless prior to such day the general assembly adopts a concurrent resolution of disapproval. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.

Each of the three cases came to the attention of this court upon the filing by each of the defendants of a motion to dismiss indictments which had been returned by the Cuyahoga County Grand Jury.

The defendant, James F. Kenney, Case No. 20743 B, was charged in a one-count indictment with the crime of murder, R. C. 2903.02. The indictment was returned on July 7, 1975. The defendant, David C. Kaska, was indicted in the same action for the same offense.

In Case No. 21199, Michael Kotowski was charged in a one-count indictment with felonious assault.

Each of the defendants filed a motion in this court to dismiss the indictment as to him. Each claimed that by virtue of the proceedings taken in the Municipal Court of Cleveland the Common Pleas Court did not now have the authority to proceed against him as to such offenses.

In the Kenney and Kaska case, Case No. 20743 A and B, a preliminary hearing was held before a judge of the Municipal Court of Cleveland on July 3, 1975. Upon the conclusion of all the evidence and the statements of the accused, that court found that probable cause did not exist to believe that the crime of murder had been committed and that a defendant committed it, but that court did find that probable cause did exist to believe that a misdemeanor, to wit, negligent homicide, R. C. 2903.05, had been committed and that the defendants did commit such an offense. The

court thereupon caused a complaint charging the defendants with such offense, negligent homicide, R. C. 2903.05, a misdemeanor, to be filed as to each defendant.

The original case under which the felony charge was prosecuted in the Municipal Court was Case No. 75-CR-A16677. This became Municipal Court Cases Nos. 75-CR-B17371 and 75-CR-A17370 when the negligent homicide charge was filed pursuant to the order of the court entered under Crim. R. 5(B).

Pursuant to that rule and order the "clerk of such court * * * [did] complete all notations of appearances, motions, pleas and findings on the criminal docket of the court" and "did transmit a transcript of the appearance docket entries together with a copy of the original complaint and affidavits, * * * to the clerk of the court in which the defendant is to appear." This was the same court in which the original appearance took place.

The defendants were cited to again appear before the the judge of the court which had conducted the original proceedings. They did so appear on July 12, 1975. At that time the defendant, Kenney, entered a plea of guilty to the negligent homicide charge and he was referred to the Cleveland Municipal Court Probation Department for a presentence report. He has as yet not been sentenced.

The defendant, Kaska, entered a plea of not guilty to the negligent homicide charge and his case was assigned for trial on October 14, 1975, before a judge of the Municipal Court other than the one who had conducted the preliminary hearing. On October 14, 1975, the judge to which the case was assigned for trial entered a nolle upon request of the prosecutor. The original Municipal Court judge had previously refused a request by the prosecutor to nolle the case.

In the case of *State of Ohio* v. *Kotowski*, 75-CR-B18030, the transcript of the record reads as follows:

"No. 75 CR 818030

"Cleveland Municipal Court

"State of Ohio vs. Michael Kotowski

"TRANSCRIPT

"Felonious Assault

"2903.11 Felony 2
"reduced to
"Assault misdemeanor 1
"Affidavit filed, warrant issued and return made.
"7-12-75
"continued to 7-17-75
"examination had reduced to
"Assault misdemeanor—1
"Plea: No contest referred to probation
"Passed for sentence to 7-24-75
"7-24-75
"Found guilty of assault
"sentenced to pay a fine of $200.00 and costs; 30 days, days
"suspended.
"Placed on 1 yr. probation (inactive)"

A Municipal Court may hear and dispose of a charge as a misdemeanor which had been instituted as a felony charge only when the following specific requirements are adhered to:

(1) The court must determine from substantial credible evidence at the preliminary hearing that there is probable cause to believe that a felony had not been committed but that a misdemeanor was committed and that the defendant committed it.

(2) The court must cause a complaint charging such misdemeanor offense to be filed against the defendant.

(3) The court or the clerk must within seven days cause docket entries to be made and filed with the clerk together with the complaint and including "entry of reason for changes in the docket."

(4) An order setting recognizance, if any, must be filed.

(5) The said papers shall be transmitted to and filed with the "clerk of the court in which defendant is to appear."

In the within actions all proceedings at the Municipal Court level were of necessity in the Municipal Court of Cleveland and the said papers were necessarily filed with the clerk of that Municipal Court as to all proceedings;

that is, the proceedings on the felony charge and also on the misdemeanor charge. The rule obviously covers a situation where the misdemeanor trial proceedings would be conducted in the same court in which the preliminary hearing was held but also where such proceedings would be held in a different court.

While the judge who presided over the preliminary hearing would be fully qualified to dispose of the misdemeanor charge by a plea of "no contest" or "guilty" he obviously would not preside over a trial of the misdemeanor charge since he has necessarily made some determinations bearing upon the misdemeanor issues in the preliminary hearing.

The requirements of Crim. R. 5 are beyond doubt constitutionally valid.

That rule is also in accordance with the statement contained in Crim. R. 1(A) and 1(B).

"(A) Applicability.

"These rules prescribe the procedure to be followed in all courts of this state in the exercise of criminal jurisdiction, with the exceptions stated in subdivision (C) of this rule.

"(B) Purpose and construction.

"These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed and applied to secure the fair, impartial, speedy and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable expense and delay."

The issues herein present matters of first impression by our courts. Neither counsel nor the court have been able to find any applicable decisions as to the pertinent portions of the Criminal Rules.

The Legislature was, prior to the adoption of the Criminal Rules, vested with the authority for specifying the procedure to be followed by the various courts and never adopted a statute specifying procedures of the identical nature as that contained in Criminal Rule 5. It may be considered, however, that the rule does somewhat delineate rights that were possessed by the various courts prior to

the time of the adoption of the Rules of Criminal Procedure.

The law had been well established that a person is not entitled to a preliminary hearing as a matter of law before indictment for a felony. This is carried into the above quoted Crim. R. 5(B)(1). The law is equally well established that where a person who had been charged with a felony in a Municipal Court and is discharged at the preliminary hearing he still may be indicted by the grand jury and proceeded against under said indictment. This is now Crim. R. 5(B)(5).

Ohio Legal Center Reference Manual issued July 1, 1975, pages IX: 2.12 and IX: 2.13:

"Under the constitutional prohibition against placing a defendant in double jeopardy, his conviction or acquittal for a lesser offense will bar subsequent prosecution for any greater offense within which it was included, provided the conviction or acquittal occurs in a court with jurisdiction over the higher offense. For purposes of this rule, jurisdiction may include bindover jurisdiction.

"The Ohio Constitution, Art. I, Sec. 10, states that 'No person shall be twice put in jeopardy for the same offense.' In *Crowley* v. *State* (1916), 94 Ohio St. 88, defendant was indicted in common pleas court for assault with intent to commit rape. He pleaded former jeopardy, in that he had been convicted in a mayor's court of assault and battery, based on the same conduct alleged in the indictment. It was held that trial in a competent court for a lesser offense bars subsequent prosecution for a greater offense which includes the lesser offense, but only when the former trial is in a court with jurisdiction over the higher offense. Since the mayor's court had no felony jurisdiction whatever, defendant's conviction of the lesser included offense did not bar his prosecution for the felony assault.

"The result in *Crowley* might have been different if the defendant had been tried for the lesser assault in a court with jurisdiction to conduct a preliminary examination and bind him over to the grand jury on the felony assault. In *State* v. *Skinner* (Hamilton Co. Com. P., 1902), 13 Ohio Dec. (Nisi Prius) 468, defendant was indicted for grand larceny in common pleas court. He pleaded that he

had already been convicted of petty larceny for the same offense in police court. The conviction was held to constitute former jeopardy. It should be noted that while the police court had no jurisdiction to try felonies, it did have bindover jurisdiction in felony cases. Today, municipal courts, county court, and a single police court have bindover jurisdiction. Thus, *Skinner* may operate to bar prosecution for a felony when the accused has been in jeopardy in municipal, county, or police court for one of its lesser included misdemeanors. This would seem especially true when the defendant is arrested for felony, but held for trial in the lower court on a lesser included misdemeanor. It would seem less clear when the defendant is arrested in the first instance for a misdemeanor, and never examined for the felony.

In *Waller* v. *Florida* (1970), 397 U. S. 387, 90 S. Ct. 1184, the petitioner was one of a number of people involved in the removal of a canvas mural which was affixed to an inside wall of the St. Petersburg, Florida City Hall. Petitioner and a number of other parties carried the mural through the streets of St. Petersburg until they were apprehended bw police officers. After a scuffle, the officers recovered the mural, but the evidence reflected that the mural had been damaged. Petitioner was found guilty of two St. Petersburg City Ordinances—destruction of city property and disorderly breach of the peace. Subsequent to the finding of guilty, the petitioner was charged by the state of Florida with the crime of grand larceny. The Supreme Court of the United States held: 90 S. Ct. headnote two

"Defendant who had been convicted in Municipal Court for destruction of city property and disorderly breach of peace in violation of city ordinances could not be tried by the state on a charge of grand larceny based on the same acts as were involved in violation of the ordinance; the second trial constitutes double jeopardy."

At page 392 of 397 U. S., the court quoted from *Reynolds* v. *Sims* (1964), 377 U. S. 533, as follows:

"Political subdivisions of states—counties, cities or whatever—never were and never have been considered

as sovereign entities. Rather they have been traditionally regarded as subordinate government instrumentalities created by the state to assist in the carrying out of the state's governmental functions. * * *"

And, at page 393, the court concluded that:

"These provisions of the Florida Constitution demonstrate that the judicial power to try petitioner on the first charge in Municipal Courts springs from the same organic law that created the state court of general jurisdiction in which petitioner was tried and convicted for a felony. * * *"

In Ohio, every Municipal Court does have the authority to hear and finally dispose of a felony charge, by trial or by plea, as a misdemeanor, so long as the provisions of Crim. R. 5(B) are complied with. The defendant may not be prosecuted under an indictment where such charge has been so terminated. If such a defendant is indicted after proceedings in the Municipal Court under Rule 5(B)(4)(b), the Municipal Court has the right to prosecute the defendant on the misdemeanor charges until they have been terminated either by plea or trial provided that such termination occurs within a reasonable time and in all events prior to the time specified in R. C. 2945.71 ("Time Within Which Hearing or Trial Must Be Held").

If the requirements of Crim. R. 5(B) are followed in the Municipal Court, and the action in the Municipal Court is disposed of by plea, or an adjudication of guilty or not guilty, a person may not be prosecuted under an indictment based on the same acts as were involved in violation of the ordinance. If, however, the requirements of Rule 5(B) are followed, but the case is not terminated as above specified, the court considers that the case would be in the same status or category as are those wherein a defendant is not bound over to the grand jury and is discharged in the Municipal Court; that is, he may be proceeded against by indictment regardless of the action of the Municipal Court.

It is not sufficient for the Municipal Court to take such action under Rule 5(B) as would reduce a felony charge to that of a misdemeanor without a final adjudication in order to divest the Common Pleas Court and the grand jury of their right to proceed under an indictment. The Supreme

Court of Ohio and the Legislature obviously had in mind that this rule would be utilized under circumstances where it became apparent to the municipal court judge that the defendant would plead guilty to the misdemeanor charge and not require any further proceedings. However, the defendant is not obliged to enter a plea of guilty under any such circumstances. The discretion to be exercised by municipal judges under the provisions of said Crim. R. 5 including a determination that a misdemeanor rather than a felony had been committed may not be the subject of an appeal nor may any other person, that is, the prosecutor or judge, have a right to contest such determination. The exercise of this discretion is limited only by the oath of office of the municipal judge. It may be likened somewhat to the authority of the grand jury wherein the grand jury may return an indictment for a lesser offense than that for which a defendant has been bound over to it by a municipal court. In such respect, the grand jury has the final and ultimate authority.

The value of utilizing the procedure contained in the quoted sections of Crim. R. 5(B) is self-evident, particularly to the various Common Pleas Courts of Ohio. The Common Pleas Courts are deluged with a multitude of criminal cases. Many of these are disposed of by either accepting a plea to a misdemeanor or the finding of a defendant guilty of a misdemeanor in cases where a defendant had been bound over by a Municipal Court and indicted on a felony charge. Many of these could and should have been disposed of in the Municipal Court. If the evidence warrants the binding over to the grand jury of a defendant on a felony charge the proper utilization of this rule requires the presentation by the prosecuting attorney to the Municipal Court Judge of more than a mere perfunctory presentation of a portion of the evidence.

A failure to present evidence at a preliminary hearing which would warrant the judge in finding that there is probable cause to believe a felony had been committed, but the evidence establishes that a misdemeanor had been committed, mandates the application of Crim. R. 5(B)(4)(b).

It is the contention of the defendants Kenney and Kaska

that by virtue of the procedures that had been taken in the Municipal Court of Cleveland under the provisions of Crim. R. 5 this court had no authority to proceed under the indictment.

It is further the contention of the defendant Kenney that he had been once placed in jeopardy and by virtue of his plea of guilty to the misdemeanor charge under which he was brought to trial pursuant to the provisions of Crim. R. 5 that the subject matter of the indictment in this Court should be dismissed as being *res judicata.*

The defendant Kaska while not asserting the defense of *res judicata,* because the action in the Municipal Court of Cleveland had not been terminated, does contend that the Municipal Court of Cleveland by virtue of the proceedings taken therein had thereafter sole jurisdiction in this matter; that upon the misdemeanor charge being nolled in the Municipal Court of Cleveland, that the entire matter as to his prosecution must be found to have been concluded.

It is apparent from the record in the Kotowski case that the said mandated procedures were not followed.

Since the charge of negligent homicide against defendant Kaska has not been disposed of in the Municipal Court either by a plea or trial but has been nolled, the charge by way of indictment against Mr. Kaska may still be prosecuted in this court.

The motion of the defendant Kaska to dismiss the indictment herein will, therefore, be overruled.

In the Kotowski case, the procedure specified by said rule had not been complied with by the Municipal Court of Cleveland and, therefore, the State has the right to proceed under the indictment herein.

The motion to dismiss by the defendant, Michael Kotowski, will, therefore, be overruled.

Since all of the procedures mandated by Crim. R. 5(B) have been complied with by the Municipal Court in the Kenney case and a plea of guilty to Negligent Homicide had been entered in that court, the motion of the defendant to dismiss the indictment herein will be granted and the defendant discharged.

*Judgment accordingly.*