The STATE of Ohio, Appellant,

v.

COPLEY, Appellee.

[Cite as *State v. Copley* (1991), 72 Ohio App.3d 278.]

Court of Appeals of Ohio,
Lawrence County.

No. 1956.

Decided Jan. 24, 1991.

*J. Stewart Kaiser,* for appellant.

*W. Mack Anderson* and *Charles H. Knight,* for appellee.

---

GREY, Judge.

This is an appeal from the Lawrence County Common Pleas Court arising out of an entry by the Ironton Municipal Court dismissing a felonious assault charge against appellee, Michael Copley, in exchange for Copley's plea of guilty to a charge of eluding a police officer, in violation of R.C. 4511.02. We affirm.

On November 4, 1989, Deputies Brown and Tordiff tried to pull Copley over for improper vehicle registration. Copley refused to stop and the officers pursued. The chase continued for about twenty miles. When the officers caught up with Copley, they parked their cruiser in front of his vehicle. As one of the deputies got out of the cruiser Copley rammed the cruiser with his vehicle.

Copley was charged by complaint in the Ironton Municipal Court with felonious assault in violation of R.C. 2903.11 and fleeing and eluding a police officer, in violation of R.C. 4511.02. Copley agreed to plead guilty to the eluding charge, receiving a ninety day sentence. In exchange the Ironton City Prosecutor agreed to *nolle prosequi* or dismiss the felonious assault charge. Copley's plea and the prosecutor's dismissal were approved by the Ironton Municipal Court and journalized on February 1, 1990.

On March 15, 1990, the state indicted Copley on a charge of felonious assault alleging the same facts that gave rise to the original felonious assault charge against Copley which the Ironton Municipal Court dismissed. Appellee filed a motion to dismiss in the Lawrence County Common Pleas Court, asserting that the felonious assault charge had been plea bargained and dismissed. Copley further asserted that the state was bound by that plea bargain agreement.

At a hearing on the matter, the trial court granted Copley's motion and dismissed the felonious assault charge. The state appeals and assigns one error:

"The trial court erred in dismissing Count One of the Indictment, an Aggravated Felony of the First Degree."

The state asserts that the Ironton Municipal Court lacked jurisdiction to dismiss the felonious assault charge against Copley. The state bolsters its argument by asserting that the Ironton City Prosecutor did not have the

authority to dismiss that charge and thus, the trial court could not have dismissed the felonious assault charge. We disagree.

The state relies on *State v. Nelson* (1977), 51 Ohio App.2d 31, 5 O.O.3d 158, 365 N.E.2d 1268, but that case is distinguishable. In *Nelson*, the plea bargain and conviction on the lesser offense were not upheld because no affidavit for the misdemeanor was ever filed in the municipal court. Without the affidavit, the Eighth Appellate District held that the municipal court never obtained jurisdiction. Whether we would follow the rule in *Nelson*, which imputes the court's failure onto a defendant, is a moot question, since in the case before us there was an affidavit prepared and filed in the municipal court giving that court jurisdiction.

The state argues that the municipal court has no jurisdiction to decide felonies, and while true enough, such an argument begs the question in this case—Do the facts show the commission of a felony or a misdemeanor? Under Crim.R. 5(B)(4)(a), (b), and (c), the court may do three things at the conclusion of a preliminary hearing. It may bind the defendant over to the grand jury; it may find that a misdemeanor has been committed and retain the case itself; or it may dismiss. In this case the court exercised option two, no doubt upon the recommendation of counsel for the state in accord with the plea bargain that the facts showed commission of a misdemeanor.

R.C. 1901.34 gives a city prosecutor the requisite authority to make such a plea bargain. R.C. 1901.34 provides in pertinent part:

"(A) Except as provided in divisions (B) and (D) of this section, the village solicitor, city director of law, or similar chief legal officer for each municipal corporation within the territory of a municipal court shall prosecute all cases brought before the municipal court for criminal offenses occurring within the municipal corporation for which he is the solicitor, director of law, or similar chief legal officer. Except as provided in division (B) of this section, the village solicitor, city director of law, or similar chief legal officer of the municipal corporation in which a municipal court is located shall prosecute all criminal cases brought before the court arising in the unincorporated areas within the territory of the municipal court.

"\* \* \*

"(C) The village solicitor, city director of law, or similar chief legal officer shall perform the same duties, insofar as they are applicable to him, as are required of the prosecuting attorney of the county."

The language of the above statute indicates that a city prosecutor has the authority to prosecute criminal cases in the municipal court. The statute

further indicates that a city prosecutor performs the same duties as a county prosecuting attorney.

Pursuant to R.C. 1901.34, the Ironton City Prosecutor clearly had the authority to enter into a plea bargain agreement with Copley and further had the authority to dismiss the felonious assault charge against Copley. Having done so under the proper statutory authority, the Ironton City Prosecutor's dismissal of the felonious assault charge became *res judicata* on that issue.

When the Ironton Municipal Court convened to hear and accept Copley's plea, jeopardy attached. The dismissal of the felonious assault charge became an effective adjudication of that charge.

Section 10, Article I of the Ohio Constitution guarantees that no person shall "be twice put in jeopardy." The state's indictment of Copley on the felonious assault charge put him twice in jeopardy for the same offense, the felonious assault of Deputy Brown using Copley's automobile during the chase through Lawrence County.

Attempting to put Copley twice in jeopardy for that offense was violative of the Ohio and United States Constitution. The trial court did not err when it dismissed the state's indictment of Copley on the felonious assault charge. The state's assignment of error is not well taken and is overruled. The judgment of the trial court is affirmed:

*Judgment affirmed.*

HOFSTETTER, J., concurs.

HARSHA, J., dissents.

EDWIN T. HOFSTETTER, J., retired, of the Eleventh Appellate District, sitting by assignment.

HARSHA, Judge, dissenting.

I respectfully dissent. The majority opinion erroneously holds that R.C. 1901.34 gives the city solicitor the authority to make a binding plea bargain on the felony charge of felonious assault. In doing so, it conveniently overlooks the express limiting language of R.C. 1901.34(C) that states that the solicitor performs the same duties as the prosecuting attorney " * * * insofar as they are applicable * * *." The solicitor has no authority to take a plea on felony cases since the municipal court has no authority to ultimately determine them. See *State v. Nelson* (1977), 51 Ohio App.2d 31, 5 O.O.3d 158, 365 N.E.2d 1268, and Crim.R. 5(A)(5) and (B)(4).

The majority opinion goes on to distinguish the holding in *Nelson* concerning the effect of an invalid plea bargain on jurisdictional grounds. While I

agree the Ironton Municipal Court had full jurisdiction over defendant and the misdemeanor charge, its jurisdiction concerning the felony is clearly limited as noted above. It had no jurisdiction to terminate the felony prosecution with prejudice absent some then existing constitutional violation of defendant's rights.

A discharge under Crim.R. 5(B)(4)(c) is not a bar to further prosecution. *Nelson, supra.* Nor, absent other circumstances, is a *nolle* under Crim.R. 48(A). *State v. Dixon* (1984), 14 Ohio App.3d 396, 14 OBR 513, 471 N.E.2d 864. The only way for the municipal court and the solicitor to legally preclude felony consideration by the grand jury is to take a plea upon a lesser included offense. The Double Jeopardy Clause of the United States and Ohio Constitutions would then preclude a second conviction upon the same criminal act.

Because the majority mistakenly believes that the municipal court "exercised option two" in finding a misdemeanor has been committed under Crim.R. 5(B)(4)(b), they consider this to be a double jeopardy case. It is not. Eluding under R.C. 4511.02 is not a lesser included offense of felonious assault under the test set forth in *State v. Kidder* (1987), 32 Ohio St.3d 279, 513 N.E.2d 311.

Since the solicitor had no authority to bind the state on the felony charge, the prosecuting attorney was free to pursue an indictment on the felonious assault. *State v. Mathews* (1982), 8 Ohio App.3d 145, 8 OBR 202, 456 N.E.2d 539. Appellant's strongest argument in seeking enforcement of the invalid plea bargain lies in the Fifth Amendment due process concept of fundamental fairness. In that regard, see 2 LaFave & Isreal, Criminal Procedure (1984), Section 20.2.

However, because I believe these interests can be served by less drastic means than discharging the appellant, while at the same time serving the legitimate interests of the citizens of Ohio and the judicial system, I do not concur with the majority. Specifically, I would allow the appellant to withdraw his guilty plea to the misdemeanor and proceed in whatever manner he chooses in that regard. While it might be said that he has already served ninety days in jail which cannot be returned to him, that issue can be addressed in a civil action should he ultimately be found not guilty of the eluding charge. While this may not be an entirely equitable judicial solution, it is far preferable to the judicial expansion of the jurisdictional power of the municipal court and city solicitor which the majority opinion grants.