The STATE of Ohio, Appellant,

v.

BURCHFIELD, Appellee.

The STATE of Ohio, Appellant,

v.

STINSON, Appellee.

[Cite as *State v. Burchfield* (1997), 118 Ohio App.3d 53.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

Nos. 95–JE–16 and 95–JE–17.

Decided Jan. 30, 1997.

54

*Stephen M. Stern,* Jefferson County Prosecuting Attorney, *Matthew P. Puskarich* and *Christopher J. Gagin,* Assistant Prosecuting Attorneys, for appellant.

*William E. Reed, II,* for appellees.

GENE DONOFRIO, Judge.

Plaintiff-appellant, state of Ohio, by and through the Jefferson County Prosecutor's Office, appeals from an order of the Jefferson County Common Pleas Court ordering the enforcement of alleged plea agreements between defendants-appellees, Gary Burchfield and Leon Stinson, and a special prosecutor representing the Steubenville, Ohio Law Director's Office.

Appellees are and were at all times relevant hereto employed as police officers for the city of Steubenville, Ohio. In February of 1994, appellee Stinson became the focus of an investigation being conducted by the office of the Auditor of the State of Ohio in cooperation with the office of Inspector General for the United States Department of Housing and Urban Development ("HUD"). The investigation centered around allegations that Stinson and other government employees had concealed their employment for the purpose of obtaining government subsidized rental assistance from HUD to which they were not legally entitled. Appellee Burchfield's name was later added to the list of suspects.

As a result of the investigation, criminal complaints were filed against appellees Stinson and Burchfield in Steubenville Municipal Court alleging violations of R.C. 2921.41 (theft in office), a felony of the third degree. Because the Steubenville Law Director's Office had regularly worked with appellees, a special prosecutor, attorney Lawrence Boothe, was appointed to prosecute the complaints in municipal court.

After the complaints were filed, appellees and their counsel entered into plea negotiations with the special prosecutor. The parties met on February 9, 1995. After this meeting, the parties prepared a document entitled "Negotiated Plea Agreement." Under the terms of the document, appellees agreed to enter pleas of no contest to amended charges of falsification, in violation of R.C. 2921.13(A)(5), a misdemeanor, would provide information and testimony regarding other individuals committing similar offenses, and would make full restitution to HUD. The document was silent as to whether additional charges could be brought against appellees. The document was not signed by the parties. The special prosecutor testified that while he believed that the written agreement would stay the same unless someone needed to change it at the last minute, there were certain housekeeping matters that still needed to be done with regard to the agreement.

Thereafter, appellees' counsel and the special prosecutor discussed the terms of the plea agreement with the municipal trial judge. There is some indication in the record that the trial judge stated that he would approve the agreement. A hearing on the negotiated plea agreement was set for March 15, 1995.

Thereafter, on March 14, 1995, both Burchfield and Stinson were indicted on multiple counts by the Jefferson County Grand Jury.

Burchfield was indicted on four counts of tampering with records, in violation of R.C. 2913.42; on two counts of theft in office, in violation of R.C. 2921.41(A)(1) and (2); and on one count of grand theft, in violation of R.C. 2913.02. All seven counts of Burchfield's indictment alleged felonies of the third degree. Further, all violations set forth in Burchfield's indictment were alleged to have occurred on or before July 31, 1986.

Stinson was indicted on ten counts of tampering with records, in violation of R.C. 2913.42; on two counts of theft in office, in violation of R.C. 2921.41(A)(1) and (2); and on one count of grand theft, in violation of R.C. 2913.02. All thirteen counts of Stinson's indictment alleged felonies of the third degree. The violations set forth in Counts 1 through 8 of Stinson's indictment were alleged to have occurred on or before September 1, 1988. The violations set forth in Counts 9 and 10 of Stinson's indictment were alleged to have occurred on September 1, 1989 and September 25, 1990, respectively. The violations set forth in Counts 11, 12 and 13 of Stinson's indictment were alleged to have occurred on or about September 1, 1982 through November 30, 1990.

All counts of both indictments contained specifications, pursuant to R.C. 2901.13, that appellees had committed offenses involving misconduct in office by a public servant who remained a public servant at the time of the indictment and that the *corpus delicti* of the offenses remained undiscoverable until after February 1, 1994 (in Stinson's case) and April 1, 1994 (in Burchfield's case). If

applicable, the specification having its basis in R.C. 2901.13(C) would toll the general six-year statute of limitations while the accused remained a public servant.

The hearing set in municipal court for March 15, 1995 did not go forward.

On March 16, 1995, appellees filed motions in their respective common pleas cases to dismiss the indictments. The motions alleged four separate grounds: (1) that the prosecution was barred by the statute of limitations, (2) that the negotiated plea agreement between appellees and the city of Steubenville's special prosecutor barred any further prosecution, (3) that appellees' rights to a speedy trial had been violated, and (4) that appellees were being placed in double jeopardy by the indictments.

In addition, on March 16, 1995, appellees filed motions in municipal court seeking the enforcement of the alleged negotiated plea agreement. On that same day, the municipal court filed a journal entry in which it found that the " * * * plea agreement had not been put into execution in open court, and therefore, in this Court's opinion, the jurisdiction transfers to the Common Pleas Court of Jefferson County with the indictments."

On March 17, 1995, appellant filed a document in each of the common pleas cases entitled "State of Ohio's Motion to Dismiss Defendant's Motion to Dismiss." In its motion, appellant argued that appellees' motions to dismiss had failed to state with particularity the grounds upon which the motion was made and that appellee's motions were not supported with memoranda or affidavits.

On March 28, 1995, appellees filed in their respective common pleas cases a document entitled "Memorandum in Support of Motion to Enforce Plea Agreement." The memorandum was apparently intended to support appellees' motion to dismiss the indictment based upon the existence of a valid plea agreement. Appellant responded by filing a memorandum in opposition, arguing that the municipal court had lost jurisdiction and that the alleged plea agreement was therefore unenforceable.

In addition to the foregoing motions and memoranda, both appellees and appellant filed, in each case, motions to disqualify each other's counsel due to alleged conflicts of interest.

On March 29, 1995, the trial court began hearing argument and testimony on the various motions pending at that time. At the outset of the hearing, the following colloquy took place between the trial court and counsel:

"COURT: Very well, we have two cases assigned for today, matters of some motions. * * *

"Well, there are about five motions which have been filed and I suppose, counsel correct me if I'm wrong, I suppose the most important of all these motions at this time is a motion to enforce the plea agreement.

" * * *

"ATTORNEY STERN: I agree that's an important motion. Just from our aspect, I think the motions that need to be addressed first, with the Court's indulgence, are the Disqualification Motions.

" * * *

"COURT: Give me your thoughts on priority of hearing the motions. I think we should determine that first. If either counsel is going to be disqualified from further participation in the case then perhaps we shouldn't go ahead on the motion to determine the plea agreement. You have anything you want to say about that, Mr. Reed?

"ATTORNEY REED: Your Honor, I realize it presents something of a Hobson's choice but I believe we have to go forward with the issues of the disqualification first because—

"COURT: I agree with you.

"ATTORNEY REED: I think otherwise it would present procedural difficulty.

"COURT: I think the Prosecutor agrees on that matter too. So we will proceed. Which motion was filed first?

" * * *

"COURT: Well, let's proceed. Mr. Prosecutor Attorney, you may proceed on your Motion to Disqualify."

The trial court proceeded to take testimony relative to the motions to disqualify counsel. However, during the cross-examination of appellant's first witness, the following took place:

"Q. And what was going on?

"A. We were—you and Mr. Booth [*sic*] were entering into the plea agreement, attempting to work out a plea agreement.

"Q. And was a plea agreement reached that day?

"ATTORNEY STERN: Your Honor, I'm going to object. That's not what this hearing is about. *If we want to go through it I don't have any problems. I mean we're expanding.*

"ATTORNEY REED: It has to do with AN [*sic*] important point.

"COURT: All right. Overruled. Go ahead." (Emphasis added.)

Thereafter, it is evident from the record that both parties questioned witnesses not only with regard to the motions to disqualify counsel, but also with regard to appellees' motions to enforce the alleged plea agreement.

After the hearing, appellees filed memoranda regarding the statute of limitations issue as well as the issue of the enforceability of the alleged plea agreement. Appellant responded by filing a memorandum in opposition to appellees' motions to dismiss. In its memorandum, appellant argued that the statute of limitations issue was never directly addressed during the March 29–30, 1995 hearing. Appellant argued that inquiry into the issues surrounding the statute of limitations was not possible without trial of the general issues and that summary judgment on the statute of limitations issue was not permitted under the criminal rules. Appellant further argued that certain of the alleged offenses were clearly not barred by the statute of limitations since they were alleged in the indictment to have occurred within the six-year limitation period set forth in R.C. 2901.13. Appellant further argued that the remaining counts of the indictments had been tolled under R.C. 2901.13(C), which tolls offenses involving misconduct in office during the time that the accused remains a public servant. Appellant therefore requested that a hearing be set on the statute of limitations issue.

The trial court issued its decision and judgment entry on May 9, 1995. The trial court found that a valid and enforceable plea bargain agreement had been made by the state of Ohio through a special prosecutor. The trial court noted that the agreement had been made with the approval of the State Auditor's investigator and a representative from the Office of the Inspector General. The trial court found that these officials were, in practical effect, the real parties in interest and that the interests of justice required that consideration be afforded to their acquiescence in the plea agreement.

The trial court also found that appellant had failed to show that the charges had been brought within the statute of limitations and had failed to present any evidence establishing that the limitations period had been tolled. The trial court therefore ordered that the matter be remanded to the municipal court for prosecution under the plea agreement.

It is from this decision that appellant now appeals.

Appellant has listed five assignments of error in Burchfield's case and six assignments of error in Stinson's case. The first four assignments of error are identical in each case and will be discussed together.

In the first assignment of error, appellant argues that the plea agreement was not enforceable because it was still under negotiation and had yet to be presented in open court pursuant to Crim.R. 11(F).

Appellant cites Crim.R. 11(F), which provides:

"(F) *Negotiated plea in felony cases.* When, in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court."

Appellant argues that the requirements of Crim.R. 11(F) are mandatory and that, absent the agreement's being stated on the record in open court, there is no agreement which can be enforced.

In support of its argument that there was no valid plea agreement, appellant also points to the fact that the written form of the agreement was never executed, that the crime of falsification is not a lesser included offense of theft in office, that the alleged plea agreement does not address the filing of additional charges against appellee, and that the terms of the agreement were still under discussion.

In response, appellees point to evidence in the record tending to support the finding that a valid plea agreement existed. Appellees point to Boothe's testimony that he felt that the parties had concluded a valid plea agreement. Boothe also testified that as part performance of a condition of the plea agreement, counsel for appellees had turned over part of his attorney work product. Boothe further testified that the agreement had been reviewed with the municipal court judge over the phone, who indicated that the agreement was acceptable. Boothe also testified that the plea agreement was going to stand as drafted unless, at the last minute, everybody agreed to change something. Boothe further testified that he was in the process of preparing the new charging documents in anticipation of the plea hearing set for March 15, 1995 when he learned that appellees had been indicted.

█ We must find that the trial court erred in ordering the enforcement of the alleged plea agreement. The record is clear that no written form of the plea agreement was executed by the parties. Further, the record reflects that while the agreement was orally reviewed with the municipal court judge, the agreement was not stated on the record in open court as set forth in Crim.R. 11(F), or approved by the municipal court by way of a written journal entry. Based upon these facts, we must find that the trial court erred in ordering the enforcement of the alleged agreement.

The first assignment of error has merit.

In the second assignment of error, appellant argues that the trial court erred in ordering the enforcement of the plea agreement in municipal court given the municipal court's limited jurisdiction over felony cases.

Appellant cites *State v. Nelson* (1977), 51 Ohio App.2d 31, 5 O.O.3d 158, 365 N.E.2d 1268, in support. In *Nelson,* the defendants were charged with robbery, a felony, in municipal court but later pled guilty to reduced charges of petty theft

without the charging instruments' being amended. The defendants were later indicted on charges of robbery arising out of the same incident. The defendants filed motions to dismiss the indictment on double jeopardy grounds, which the trial court sustained. Upon the state's appeal, the court of appeals reversed, finding that since the charging instruments had not been amended, the municipal court lacked jurisdiction to dispose of the misdemeanor charges.

We find *Nelson* to be distinguishable. In the instant case, Boothe testified that he was aware that the charging instruments needed to be amended and that he was in the process of preparing the necessary paperwork when he learned that appellees had been indicted. In *State v. Copley* (1991), 72 Ohio App.3d 278, 594 N.E.2d 648, the court held that a municipal prosecutor has the authority to enter into plea agreements whereby felony charges are dismissed in exchange for a defendant's plea of guilty to a misdemeanor charge arising out of the same occurrence. We acknowledge that *Copley* is not directly on point since, in *Copley,* there was already a misdemeanor charging instrument in place at the time of the plea. However, we note that there is nothing in the record to suggest that attorney Boothe would not have amended the charging instruments in the instant case as he so testified.

The second assignment of error is without merit.

In the third assignment of error, appellant argues that the trial court abused its discretion by failing to rule on a number of motions.

Appellant first argues that the trial court should have ruled on its motion for a hearing on the statute of limitations issue and that the trial court should have granted its motion for a hearing on the statute of limitation issue. We disagree. The record discloses that a motion hearing was held on March 29 and 30, 1995. Appellant had notice by way of appellees' motions to dismiss that appellees were arguing that the statute of limitations had not been met.

Appellant next argues that the trial court should have provided it with a hearing on the sufficiency of appellees' motions to dismiss and that the trial court erred by failing to rule on appellant's motions to dismiss appellees' motions to dismiss. This argument is likewise without merit. Appellees based their motions to dismiss partly on the enforceability of the plea agreements. It is clear from the record of the March 29–30, 1995 hearing that the parties had the opportunity to present evidence and develop testimony with regard to that issue. By sustaining appellees' motions to dismiss, the trial court in effect overruled appellant's motion. We find no abuse of discretion in this regard.

The third assignment of error is found to be without merit.

In the fourth assignment or error, appellant argues that the trial court erred in rendering summary judgment in a criminal matter.

Crim.R. 12(E) provides in part:

*"Ruling on Motion.* The court may adjudicate a motion based upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means."

■ Clearly, Crim.R. 12(E) provides that a trial court may dispose of motions to dismiss in the manner utilized by the trial court in this case. The fourth assignment of error is thus without merit.

With regard to the fifth assignment of error in Burchfield's case, appellant argues that a factual basis exists for tolling the general six-year statute of limitations under either R.C. 2901.13(B), (C) or (F).

R.C. 2901.13 provides:

"(A) Except as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:

"(1) For a felony other than aggravated murder or murder, six years;

" * * *

"(B) If the period of limitation provided in division (A) of this section has expired, prosecution shall be commenced for an offense of which an element is fraud or breach of a fiduciary duty, within one year after discovery of the offense either by an aggrieved person, or by his legal representative who is not himself a party to the offense.

"(C) If the period of limitation provided in division (A) of this section has expired, prosecution shall be commenced for an offense involving misconduct in office by a public servant as defined in section 2921.01 of the Revised Code, at any time while the accused remains a public servant, or within two years thereafter.

" * * *

"(F) The period of limitation shall not run during any time when the corpus delicti remains undiscovered."

With regard to Burchfield, it is clear that the violations in the indictment were alleged to have occurred outside of the six-year statute of limitations set forth in R.C. 2901.13(A)(1). Thus, in order for a criminal prosecution of Burchfield to have proceeded, appellant was required to prove that the tolling provisions of R.C. 2901.13 applied. In this regard, appellant has conceded that the state bears the burden of proving that one or more tolling provisions apply. The record discloses that a motion hearing was held on March 29 and 30, 1995 and that appellant failed to carry this burden during that hearing. Appellant also failed to carry this burden in subsequent memoranda.

Appellant has argued that it was without notice as to the basis of appellant's argument with regard to the statute of limitations. However, appellee Burchfield's motion to dismiss, filed March 16, 1995, clearly put appellant on notice that appellee Burchfield was arguing that "the offenses are barred by the statute of limitations * * *." That being the case, appellant clearly was put on notice that it was going to be required to show the applicability of one of the tolling provisions in order to overcome appellee Burchfield's argument. Appellant having failed to do so, we cannot say that the trial court erred in finding that appellant failed to carry the burden of proof required to show that the charges filed against Burchfield were brought within the applicable statute of limitations.

The fifth assignment of error in Burchfield's case is without merit.

With regard to the fifth assignment of error in Stinson's case, appellant argues that the trial court erred in dismissing Counts 9, 10, 11, 12, and 13 given that those counts fall, on their face, within the six-year statute of limitations for felonies. In the sixth assignment in Stinson's case, appellant argues that the trial court erred in dismissing the indictment when the statute was tolled pursuant to R.C. 2901.13(C).

We deal with the sixth assignment first.

█ In order for the statute of limitations to be tolled under R.C. 2901.13(C) either the offense must involve such a nexus between the auspices of the office and the wrongdoing that it constitutes an offense against justice and public administration or, alternatively, the wrongdoer must have misused his or her public office to conceal the wrongdoing and thus thwart timely prosecution. See State v. Sakr (1995), 101 Ohio App.3d 334, 655 N.E.2d 760.

As in Burchfield's case, we likewise find that appellant failed to carry its burden with regard to the tolling provisions of R.C. 2901.13(C). In addition, we find, as a matter of law, that the offense was not one involving misconduct in office as that term is used in R.C. 2901.13(C). Thus, we find that the trial court did not err in dismissing Counts 1 through 8 of Stinson's indictment since all of those counts contained statements of violations which were alleged to have occurred outside of the six-year statute.

Appellant's sixth assignment of error in Stinson's case is without merit.

With regard to Counts 9 through 13 of Stinson's indictment, they appear, on their face, to be violations alleged to have occurred within the applicable six-year statute. Thus, we find that the trial court erred in dismissing those counts. Accordingly, appellant's fifth assignment of error in Stinson's case has merit in part and is without merit in part.

The judgment of the trial court is hereby affirmed with regard to appellee Burchfield. The judgment of the trial court with regard to appellee Stinson is hereby affirmed in part, reversed in part, and remanded for further proceedings according to law and consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

JOSEPH F. O'NEILL, P.J., and COX, J., concur.