**In re DANIEL E.**

[Cite as *In re Daniel E.* (1997), 122 Ohio App.3d 139.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–96–031.

Decided Aug. 1, 1997.

**140**

*John E. Meyers*, Sandusky County Prosecuting Attorney, and *Ronald J. Mayle*, Assistant Prosecuting Attorney, for appellee.

*Jerry Arthur Jewett*, for appellant.

SHERCK, Judge.

This appeal comes to us from a judgment entered by the Sandusky Court of Common Pleas, Juvenile Division, in a delinquency case. Because appellant's case was not prejudiced by the actions of the trial court, we affirm.

Appellant, Daniel E., was charged with delinquency in violation of R.C. 2151.02, based upon one count of rape (R.C. 2907.02[A][2]) and one count of abduction (R.C. 2905.02[A][2]).

The trial court judge assigned to appellant's case had just previously conducted the adjudication and disposition of a co-defendant. On the first day of appellant's adjudicatory hearing, appellant orally moved that the trial judge recuse himself because of the personal knowledge gained during the co-defendant's judicial proceeding. The trial court denied the motion, proceeded to trial, and found appellant delinquent.

Appellant now appeals setting forth the following sole assignment of error:

"The Trial Court committed reversible error when it overruled the defense motion to recuse the Trial Judge pursuant to Code of Judicial Conduct 3(C)(1)(a), because the Trial Judge applied the 'personal knowledge' standard in 3(C)(1)(a), rather than the overall standard of 'A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned' found in 3(C) as required in the case of *Liteky v. United States* (1994) [510 U.S. 540 at 547–548, 114 S.Ct. 1147 at 1153–1154], 127 L.Ed.2d 474 at 486."

A judge need not recuse himself on the basis that he acquired knowledge of the facts during a prior proceeding. *State v. D'Ambrosio* (1993), 67 Ohio St.3d 185, 188, 616 N.E.2d 909, 912–913. What a judge learns in his judicial capacity, whether from pretrial proceedings, co-defendant pleas, or evidence presented in a prior case, is properly considered as judicial observations and

creates no personal bias requiring recusal. *Id.* In this case, the mere fact that the same trial court judge presided over separate proceedings involving both appellant and a co-defendant does not require the judge to disqualify himself.

██ Appellant also argues that the judge's refusal to accept appellant's offer of a plea bargain is evidence of the trial court's bias. However, it is well settled that the decision of whether to accept a plea bargain rests within the sound discretion of the trial court. *Akron v. Ragsdale* (1978), 61 Ohio App.2d 107, 109, 15 O.O.3d 107, 108, 399 N.E.2d 119, 120–121.

Therefore, having fully reviewed the record, we conclude that the trial court judge was not required to recuse himself, since the prior knowledge was acquired in a judicial proceeding and was not the type of personal information encompassed by Canon 3 of the Judicial Code of Conduct.

Accordingly, appellant's sole assignment of error is not well taken.

The judgment of the Sandusky County Court of Common Pleas, Juvenile Division, is affirmed. Court costs of this appeal are assessed to appellant.

*Judgment affirmed.*

GLASSER and KNEPPER, JJ., concur.