DECISION AND JUDGMENT ENTRY
{¶ 1} Jonathan Darnell appeals the Gallia County Common Pleas Court's denial of his motion to enforce the plea bargain agreement. Darnell contends the plea agreement is enforceable under contract law principles. Because the agreement had not been accepted by the trial court or entered on the record, we conclude the agreement is unenforceable. Darnell also contends the state's rescission of the plea agreement violated his substantive and procedural due process rights as well as his right against self-incrimination. Because Darnell failed to raise these arguments during the trial court proceedings, we find that he has waived them for purposes of appeal.
 {¶ 2} In June 2002, the state charged Darnell with two counts of aggravated murder in the deaths of Jennifer Guzman and Elmer Young. That same month Darnell entered into a signed agreement with the state. The relevant portions of the agreement provide: "I.Jonathan R. Darnell agrees to provide the State of Ohio a signed statement revealing his total knowledge and participation in the events surrounding the deaths of Jennifer Guzman and Elmer G. Young including truthful participation in questioning prior to a polygraph test as conducted by officers of the Ohio BCII. II. Jonathan R. Darnell shall undergo a polygraph examination and truthfully answer all agreed questions which questions shall include the sole question as to Jonathan R. Darnell's involvement in the actual killing of Jennifer Guzman and Elmer G. Young. III. Jonathan R. Darnell agrees to testify and cooperate in the investigation of the aforementioned deaths as required by the State of Ohio. IV. The State of Ohio agrees that Jonathan R. Darnell shall enter a plea of guilty to burglary or involuntary manslaughter based on the results of the polygraph examination. V. The State of Ohio agrees to utilize its best efforts to ensure that Jonathan R. Darnell be incarcerated in a separate instution (sic) from any co-defendant now or later charged in relationship to these deaths. VI. The State of Ohio and Jonathan R. Darnell agrees (sic) that the recommended sentence in either plea shall be a sentence of eight years in an appropriate State institution."
 {¶ 3} After entering into the agreement, Darnell gave a videotaped statement to police. He also testified at his co-defendant's preliminary hearing. When the day came to take the polygraph test, however, Darnell refused, stating that he would not take the test without his counsel present. The state then expressed its intention to prosecute fully.
 {¶ 4} In September 2002, Darnell filed a motion to enforce the agreement. After holding a hearing on Darnell's motion, the court denied the motion. The court determined that it lacked authority to enforce the agreement since no plea agreement or negotiated plea had been stated on the record in open court. Darnell then entered into a subsequent plea agreement under which he pled no contest to two counts of voluntary manslaughter in exchange for a sentence recommendation of eight years incarceration on one count and seven years incarceration on the other, with the sentences to be served consecutively. After accepting Darnell's no contest pleas, the court sentenced him in accordance with the sentencing recommendation. Darnell now appeals, raising the following assignments of error: "ASSIGNMENT OF ERROR NO. 1 — The trial court erred by refusing to enforce the original plea bargain agreement pursuant to principles of contract law. ASSIGNMENT OF ERROR NO. 2 — The prosecutor's recision (sic) of his contract is a violation of Darnell's Fourteenth Amendment right to both substantive and procedural due process, and a violation of Darnell's Fifth Amendment right against self-incrimination, and in violation of Darnell's rights pursuant to the Ohio Constitution."
 {¶ 5} In his first assignment of error, Darnell contends the trial court erred in not enforcing the agreement. Darnell contends his agreement with the state is a contract that is enforceable under contract law principles. First, he argues that the agreement is a divisible contract. He argues that taking the polygraph test only impacted the nature of the charge and giving the taped statement and testifying at his co-defendant's preliminary hearing entitled him to a sentence recommendation of eight years. Second, Darnell argues that if the contract is not divisible, the doctrine of part performance allows him to enforce the contract. Finally, Darnell argues that the state materially breached the contract when it rescinded the agreement since he remained willing to take the polygraph test with his counsel present.
 {¶ 6} Darnell's first assignment of error presents a question of law, which we review de novo.
 {¶ 7} It is well accepted that the trial court has the discretion to accept or reject a plea agreement. In re Disqualification ofMitrovich (1990), 74 Ohio St.3d 1219, 1220, 657 N.E.2d 1333, citing Cityof Akron v. Ragsdale (1978), 61 Ohio App.2d 107, 399 N.E.2d 119. See, also, State v. Jewell (Jan. 24, 1995) Meigs App. Nos. 94CA04, 94CA05; Inre Daniel E. (1997), 122 Ohio App.3d 139, 701 N.E.2d 408; State v. Vega, Hamilton App. No. C-020486, 2003-Ohio-1548. Thus, any plea agreement between the state and a defendant is implicitly conditioned on the trial court's acceptance of that agreement. Until the trial court accepts the plea agreement, the agreement is unenforceable. See State v. Stanley, Mahoning App. No. 99-C.A.-55, 2002-Ohio-3007 (stating, in a general discussion of negotiated plea agreements, that a plea agreement "is not binding until accepted by the court.")
 {¶ 8} Crim.R. 11(F) provides: "When, in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court." Under Crim.R. 11(F), the parties are required to state the plea agreement on the record at the time the defendant enters his guilty or no contest plea. Thus, the plea agreement is presented to the court for its approval at the time the defendant enters his plea. By accepting the defendant's guilty or no contest plea, the court accepts the underlying plea agreement. See State v. Burchfield (1997), 118 Ohio App.3d 53,691 N.E.2d 1096 (finding that an unsigned plea agreement that had been neither stated on the record nor approved by the court was unenforceable.)
 {¶ 9} Here, Darnell never entered a plea under the agreement. Thus, the parties never stated the plea agreement on the record thereby presenting it to the court for acceptance. Darnell asserts that he entered into an enforceable contract with the state. However, his argument ignores the court's role in the plea bargaining process. "[T]he final judgment on whether a plea bargain shall be accepted must rest with the trial judge." Ragsdale, 61 Ohio App.2d at 109. Thus, any plea agreement between Darnell and the state was necessarily conditioned on the trial court's acceptance of that agreement. Not until Darnell entered his plea, the court accepted that plea and the underlying agreement upon which it was based, did Darnell and the state have an enforceable agreement.
 {¶ 10} We find further support for our position in the remedies available to the defendant upon the state's breach of a plea agreement. When the state breaches a plea agreement, the court, in its discretion, may either allow the defendant to withdraw the negotiated plea or require the state to fulfill its end of the bargain. State v. Ford (Feb. 18, 1998), Lawrence App. No. 97CA32. See, also, State v. Matthews (1982),8 Ohio App.3d 145, 456 N.E.2d 539. Permitting withdrawal of the negotiated plea as a remedy for the state's breach of the agreement implies that the state will not be bound by the agreement until the defendant enters a plea.
 {¶ 11} We acknowledge that a plea agreement is contractual in nature. See State v. Woyon (July 21, 1997), Athens App. No. 96CA1772. However, we conclude that an enforceable contract exists only after the trial court has accepted the plea agreement. To hold otherwise would render meaningless the trial court's discretion to accept or reject a plea agreement. Therefore, we conclude that the trial court did not err in finding that the plea agreement entered into between Darnell and the State was unenforceable. Accordingly, Darnell's first assignment of error is overruled.
 {¶ 12} In his second assignment of error, Darnell contends the state's rescission of the plea agreement violated his substantive and procedural due process rights as well as his right against self-incrimination. He relies on both federal and state constitutional provisions to support this argument.
 {¶ 13} Darnell did not raise these constitutional arguments at the trial level. Darnell's failure to raise his constitutional arguments during the trial court proceedings waives those arguments for purposes of appeal. See State v. Williams (1977), 51 Ohio St.2d 112, 117,364 N.E.2d 1364; State v. Nields, 93 Ohio St.3d 6, 2001-Ohio-1291,752 N.E.2d 859; State v. Awan (1986), 22 Ohio St.3d 120, 489 N.E.2d 277. Accordingly, Darnell's second assignment of error is overruled.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. Abele, J.: Concur in Judgment and Opinion.